# MEMORANDA

OF

## CAUSES DECIDED DURING THE PERIOD EMBRACED IN THIS VOLUME, WHICH ARE NOT REPORTED IN FULL.

-------

ELBERT W. COOK, Appellant, v. PHILETUS ALLEN et al.,
Respondents.

(Argued June 19, 1876; decided September 19, 1876.)

THIS action was brought to recover of defendants, as trustees of school district No. 6, in the town of Concord, Erie county, a balance claimed to be due plaintiff for work, labor and materials in building a school-house. The defence was that the work was done under a special contract and plaintiff had been paid a sum which, with money defendants had expended to complete the work plaintiff had agreed to do, equaled the contract-price. At the commencement of the trial it was stated that the pleadings were lost, and the counsel agreed in open court to try the case upon the merits without pleadings. *Held*, that the agreement was binding, and it was not competent thereafter, upon the trial or upon appeal, to raise any question based upon any defect or insufficiency of the pleadings.

Defendants gave evidence tending to prove a verbal contract, as claimed by them. It was understood that the contract was to be reduced to writing, and an instrument was drawn containing its terms, to the correctness of which plaintiff assented, but it was not executed. Plaintiff introduced in evidence a copy of this paper. It contained an agreement on the part of plaintiff to build a school-house " agreeable to the draft, plan and explanation hereto annexed, of substantial materials, to be described in the annexed plan." Then followed these specifications : " The said school-house to be built

of brick, the walls to be eight inches thick and two feet in the clear, and built on a good and substantial foundation, with a basement for storing wood. The seats and desks to be finished after the plan laid down in the fifth edition of Barnard's School Architecture, page 94, plan No. 1. The seats and desks to be made of pine or some other suitable wood of a good merchantable quality. To be furred out, lathed and plastered in good workmanlike manner. The floor to be of good, sound hemlock, or hard wood, of good merchantable quality. The house to be partitioned and divided according to the above plan." Following this were provisions for roof, painting, etc. No other plan or specifications were made. The school-house was built and accepted by the trustees. It was proved that the only plans and specifications contemplated were those contained in the paper and in the book referred to, and that the paper was not signed when presented to plaintiff because there was no pen and ink convenient. The court submitted the question to the jury whether the plan and specifications mentioned in the paper referred to any thing not contained therein or in the book referred to, and charged that if it referred to other plans the defence was not made out. Plaintiff's counsel excepted, insisting that the court should decide the question as matter of law, and requested the court to hold that the paper did refer to other plans. This was refused. *Held,* no error; that the court might have held as matter of law from the evidence that the plan and explanation specified were those contained in the paper and the book; that the literal meaning of the words "hereto annexed" was not controlling where from the circumstances it was apparent they were intended to mean herein specified or referred to, and that it was not improper to submit the question of fact to the jury under proper instruction. But that it was not material whether the words referred to an outside paper or not, if a specific contract as to price was made; if it was intended to have a separate plan, etc., annexed, and the parties proceeded to, and did, perform the contract, the omission to make the plan would not change the contract from a fixed price to a *quantum meruit* compensation, at least as defendants relied upon a parol contract; if the unexecuted paper would, if executed, have been

defective, they not having produced it, were not responsible for it.

*John C. Strong* for the appellant.

*Wm. C. Gurney* for the respondents.

All concur; ALLEN, J., absent.
Judgment affirmed.